■ In the Matter of SUNSET NURSING HOME et al., Appellants, v BARBARA DEBUONO, as Commissioner of Health of the State of New York, et al., Respondents. [805 NYS2d 471]—

Crew III, J. Appeal from a judgment of the Supreme Court (McNamara, J.), entered July 26, 2004 in Albany County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to review certain determinations of respondent Commissioner of Health summarily rejecting certain Medicaid reimbursement rate appeals.

Petitioners, an association of nursing homes and four of its members, commenced the instant CPLR article 78 proceeding challenging determinations of the Department of Health that rejected administrative rate appeals seeking increased Medicaid reimbursement due to increases in real estate taxes and utility costs incurred by petitioners. Supreme Court dismissed the petition and this appeal ensued.

We agree with respondents' contention that the applicable regulations providing for rate appeals do not encompass appeals based upon increases in real property taxes or utility costs (*see* 10 NYCRR 86-2.13, 86-2.14). Nonetheless, petitioners contend that based upon past practices, respondents have established a

policy of accepting and adjudicating rate appeals based upon such increases and, thus, their present action violates, inter alia, the State Administrative Procedure Act. We disagree.

While it is true that the record reflects that on two prior occasions the Department entertained and granted rate appeals based upon increases in real property taxes or utility costs, and accepted a number of others for consideration, none of which was granted, we do not perceive such actions as establishing a "policy." Instead, what the Department has done here is conform its practice to existing regulations, which do not permit such appeals. No matter how they couch their argument, what petitioners really seek is to compel the Department to adhere to its so-called "policy" or past practice, which is nothing more than the assertion of estoppel, which "cannot be invoked against a governmental agency to prevent it from discharging its statutory duties" (*Matter of New York State Med. Transporters Assn. v Perales,* 77 NY2d 126, 130 [1990]). We have considered petitioners' remaining contentions and find them equally without merit.

Mercure, J.P., Peters, Carpinello and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.